# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JULIO A. RODRIGUEZ-MENDEZ<br>Petitioner<br>vs<br>UNITED STATES OF AMERICA<br>Defendant | CIVIL 16-2683(CCC)<br>Related Criminal 05-0340(CCC) |

**OPINION AND ORDER**

This is an action for federal *habeas* relief under 28 U.S.C. § 2255, in which petitioner Julio A. Rodríguez-Méndez ("Rodríguez-Méndez") requests for the Court to vacate his conviction under Armed Career Criminal Act ("ACCA"). Docket No. 1. Pending before the Court is petitioner's challenge to his conviction based on <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) ("Johnson II"). <u>See</u> **Docket Nos. 8, 11** and 12. Also pending is petitioner's motion to reconsider the dismissal of his Double Jeopardy claim (**Docket No. 24**). For the reasons stated below, Rodríguez-Méndez's petition for federal *habeas* relief and motion to reconsider are **DENIED**.

## I. BACKGROUND

Petitioner Rodríguez-Méndez was sentenced to 216 months of imprisonment after pleading guilty to violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Docket No. 12 (citing Docket No. 54 in

Criminal 05-0340). On September 20, 2016, Rodríguez-Méndez filed a petition for federal *habeas* relief (Docket No. 1).[1] On September 30, 2019, this Court dismissed, with prejudice, Julio A. Rodríguez-Méndez's Double Jeopardy claim. Id. at 13. Not being able to make an informed, proper and just determination on the Johnson II claim, the Court ordered the parties to file detailed briefs regarding the Johnson II claim, along with duly translated official Puerto Rico court documents. Id. at 12. The parties complied with the Courts order by filing said documents. See Docket Nos. 23 and 24.

## II.   MOTION FOR RECONSIDERATION

Along with its motion in compliance to the Court's order at Docket Entry No. 12, petitioner Rodríguez-Méndez filed a motion asking the Court to reconsider its past ruling dismissing the Double Jeopardy claim pursuant to Puerto Rico v. Sanchez Valle, 136 S.Ct. 1863 (2016). Docket No. 24 at 3. First, Rodríguez-Méndez submits that the Court incorrectly used the January 25, 2019 date, the date of the final judgment of conviction, as the triggering date to find his federal *habeas* relief under 28 U.S.C. § 2255 time-barred. Id. at 4. According to Rodríguez-Méndez, the Court should

---

[1] The Court will not provide an extensive discussion of the facts as they were provided in the Opinion and Order filed by this Court on September 30, 2019. See Docket No. 12 at 1-4.

have used the date of June 9, 2016, as the correct triggering date, because it was the date when Sanchez Valle was decided. Id. Second, Rodríguez-Méndez submits that the Court erred by dismissing the Double Jeopardy claim for lack of privity, pursuant to United States v. Santana-Rios, No. 17-1107. Id. at 7.

On reconsideration, the Court finds Rodríguez-Méndez's arguments to be without merit and **DENIES** petitioner's motion for reconsideration on the same grounds of the Opinion and Order at Docket No. 12. See 17-cv-1107.

## III. NEWLY RECONIZED RIGHT UNDER JOHNSON II

Petitioner Rodríguez-Méndez also challenges his sentence pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). In the previous Opinion and Order the Court ordered the parties to file "official Puerto Rico court documents, duly translated showing the crimes to which Rodríguez-Méndez pled guilty or was found guilty of and sentenced." Docket No. 12 at 12. The Government complied and filed certified translations of petitioner's four (4) convictions for robbery of a vehicle in violation of Article 173-B of the Puerto Rico Penal Code (Docket No. 23 at 3).[2] Having all documents available, the

---

[2] The Courts notes that petitioner Rodríguez-Méndez agrees that he was convicted four (4) times for robbery of a motor vehicle under Article 173-B of the Puerto Rico Penal Code. Docket No. 24 at 12 ("the parties nevertheless agree that Mr. Rodríguez was actually convicted of violating Article 173B"); see P.R. Laws Ann. Tit. 33, § 4279b.

Court proceeds to decide if petitioner's convictions for carjacking qualify as a violent felonies under the ACCA enhancement.   18 U.S.C. § 924(e).

Unfortunately for movant, there is no relief available under <u>Johnson II</u>. The ACCA defines the term "violent felony" as any crime punishable by imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]"   18 U.S.C. § 924(e)(1)(2)(B)(i).

"To determine whether a crime requires the use, attempted use, or threatened use of violent force, [the Court must] apply a categorical approach." <u>United States v. Taylor</u>, 848 F.3d 476, 491 (1st Cir. 2017).   The approach requires the courts to consider the elements[3] of the crime and asses whether violent force is an element of the crime.  <u>Id.</u> (citing <u>United States v. Fish</u>, 758 F.3d 1, 5  (1st Cir. 2014)).   In doing so, courts must disregard the facts of how the crime was actually committed.   <u>Id.</u>

"Some crimes are defined broadly enough to cover some conduct that meets the force clause definition and some conduct that does not."   <u>Taylor</u>, 848 F.3d at 492. If the statute is overbroad, the court must conclude that it

---

[3] "'Elements' are the 'constituent parts' of a crime's legal definition—the things the "prosecution must prove to sustain a conviction." <u>Mathis v. United States</u>, 136 S.Ct. 2243, 2248 (2016) (citing Black's Law Dictionary 634 (10th ed. 2014).

"cannot support a conviction under the ACCA."  Id.; see Fish, 758 F.3d at 6 ("a state's definition of a crime is overbroad if its elements allow for a conviction without satisfying the elements Congress has provided to define the required predicate offense").

Puerto Rico's robbery statute is the prototypical overbroad crime that does not meet the force clause definition for a "violent felony."  See United States v. Castro-Vazquez, 176 F. Supp. 3d 13, 21 (D.P.R. 2016) (stating that Puerto Rico's robbery statute is "non-violent because the local courts have interpreted the robbery statute to cover purse snatchings and other less-forceful acts"). This is so, because the Supreme Court of Puerto Rico has held "that the slightest use of force is sufficient for the commission of [robbery.]" Pueblo v. Batista Montanez, 13 P.R. Offic. Trans. 401, 410 (1982).  In sum, Puerto Rico's robbery statute does not distinguish between degrees of force. Id. at 408.

Given the Supreme Court of Puerto Rico's broad definition of robbery, the statute does not meet the physical pain or injury element required by Johnson v. United States, 559 U.S. 133, 140 (2010) ("statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person").  Due to the

broad definition, the Court must conclude that robbery is not a violent felony under the ACCA force clause.   18 U.S.C. § 924(e)(1)(2)(B)(i).

However, the inquiry does not end here.   The Court must still determine if Article 173-B of the Puerto Rico Penal Code of 1974, P.R. Laws Ann. Tit. 33, § 4279b, which criminalizes robbery of a vehicle ("carjacking"), is a 'violent felony' under 18 U.S.C. § 924(e)(1)(2)(B)(i).   The parties agree that the carjacking statute require the same elements as robbery, with two additional components which are: (1) the use of an object capable of causing grave bodily injury, and (2) the taking of a motor vehicle.[4]   P.R. Laws Ann. Tit. 33, § 4279b.

The carjacking statute in Article 173-B enhances the robbery statute in Article 173 by adding a deadly or dangerous weapon element to the crime. In United States v. Taylor, 848 F.3d 476, 494 (1st Cir. 2017), the court defined a deadly or dangerous weapon as "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person."

---

[4]Puerto Rico's carjacking statute in relevant part states:

Any person who, using an object capable of causing grave bodily injury, unlawfully appropriates him or herself of a motor vehicle belonging to another, taking it away from the person, or from the person in whose possession it is at the time, In his/her immediate presence and against his/her will, through the use of violence or intimidation, shall be sanctioned with a fixed term of imprisonment of eighteen (18) years.

P.R. Laws Ann. Tit. 33, § 4279b.

As stated in Taylor "the element of a dangerous weapon imports the 'violent force' required by Johnson into the otherwise overbroad simple assault statute."  Id. (citing United States v. Whindleton, 797 F.3d 105, 114 (1st Cir. 2015)).

After examining Taylor, and using a categorical approach, the Court holds that the carjacking element requiring the use of a deadly or dangerous weapon imports the 'violent force' required by Johnson into the robbery statute. See Taylor, 848 F.3d at 494 (citing Whindleton, 797 F.3d at 114)). Therefore, carjacking is a violent felony under the ACCA force clause, 18 U.S.C. § 924(e)(1)(2)(B)(i). This "enhancement necessarily requires the use or threat of force 'capable of causing physical pain or injury to another [person].'" Taylor, 848 F.3d at 494 (citing Johnson, 559 U.S. at 140). Accordingly, petitioner Rodríguez-Méndez's four armed carjacking convictions are violent crimes and qualify him for the ACCA enhancement.

Petitioner relies on United States v. Parnell, 818 F.3d 974 (9th Cir. 2016), to argue that the use of a deadly weapon is not dispositive. Docket No. 8 at 14.  The Court disagrees. In Parnell the court held that "because the degree of force required to commit armed robbery in Massachusetts is immaterial so long as the victim is aware of it,

Massachusetts' armed robbery statute does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another.'" Parnell, 818 F.3d at 981. As noted by petitioner, the armed robbery statute in Parnell, "does not require that the weapon be specifically used or displayed, or that the victim is aware of its presence." Id.; Parnell, 818 F.3d at 980 (citing King v. MacEachern, 665 F.3d 247 (1st Cir. 2011)).[5] But, contrary to the armed robbery statute in Parnell, the plain language of Article 173-B suggests that the person who violates the carjacking statute *must* commit the crime "using an object capable of causing grave bodily injury[.]" P.R. Laws Ann. Tit. 33, § 4279b.

IV. **CONCLUSION**

For the reasons stated, petitioner Julio A. Rodríguez-Méndez's federal *habeas* relief requested in the Supplemental Brief in Support of Petitioner's Section 2255 Motion (**Docket No. 8**), Second Supplemental Motion in Support of Petitioner's Motion to Vacate (**Docket No. 11**), and Motion to Reconsider--and in Compliance with--Opinion and Order at Docket Entry No. 12 (**Docket No. 24**) are **DENIED**. No certificate of appealability shall be

---

[5] The Court in United States v. Parnell, 818 F.3d at 979, further clarifies that "[t]he weapon, however, need not be 'fired, employed to effectuate the robbery, used in a threatening manner, or even generally or openly displayed.' *King*, 665 F.3d at 253."

issued as petitioner failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Judgment shall be entered by separate order.

SO ORDERED.

In San Juan, Puerto Rico, this 11th day of March, 2020.


S/GUSTAVO A. GELPÍ
Chief United States District Judge